# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**ERVIN J. HORTON,**

    **Plaintiff,**

**vs.**                                              Case No. 4:89cv40216-WS/CAS

**RANDALL A. HAND,**

    **Defendants.**
_____/

## REPORT AND RECOMMENDATION

On September 27, 2017, the pro se Plaintiff filed a "motion for relief of judgment." ECF No. 138. The basis for his motion, filed pursuant to Rule 60 of the Federal Rules of Civil Procedure, is that a fraud has been committed upon the Court. *Id.* at 1. The judgment Plaintiff seeks to revisit was entered in May of 1994. ECF No. 138 at 3. Plaintiff appears to contend that the Department of Corrections had no basis to interfere with his personal bank accounts as was made clear in an order entered in another case on November 18, 1978. *Id.* at 3. Plaintiff also submitted several other documents (notices), ECF Nos. 139-141, including a copy of

the Order[1] Plaintiff apparently contends forms part of the basis to revisit the final order entered in this case. ECF No. 141.

Rule 60 provides a party with an avenue to seek relief "from a final judgment, order, or proceeding . . . ." Fed. R. Civ. P. 60(b). Included in the reasons for which a court may relieve a party from a final judgment or order is fraud. Fed. R. Civ. P. 60(b)(3). However, the Rule also provides that "[a] motion under Rule 60(b) must be made within a reasonable time - and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

In this case, Plaintiff's motion has been filed more than 23 years after the final Order entered in this case. The time has well passed to file a Rule 60 motion. Plaintiff's motion should be denied and the Clerk of Court should be directed not to file any additional documents which may be received from Plaintiff which are styled for this closed case.

---

[1] The Order Plaintiff submitted is not in its original form but, rather, contains underlining, notations, and other markings. ECF No. 141. Moreover, the Order is from a different case than this one. The final Order was entered in this case in May of 1994. ECF No. 97. Plaintiff did not submit a copy of the final Order entered in this case which, due to the age of this case, is not accessible on the Court's electronic docket.

Case No. 4:89cv40216-WS/CAS

## RECOMMENDATION

It is respectfully **RECOMMENDED** that Plaintiff's motion for relief of judgment, ECF No. 138, be **DENIED** and the Clerk of Court be **DIRECTED** to return without filing any further documents received from Plaintiff which are styled for this closed case.

**IN CHAMBERS** at Tallahassee, Florida, on October 13, 2017.

 S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**

## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.  *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**

Case No. 4:89cv40216-WS/CAS